# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
12/22/2021
CT Log Number 540781867

**TO:** Jeff Knipmeyer
Sms Holdings, Inc.
7135 CHARLOTTE PIKE STE 100
NASHVILLE, TN 37209-5015

**RE:** **Process Served in California**

**FOR:** MYDATT SERVICES, INC.  (Domestic State: OH)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CESAR J BARRIOS GARAY individually and behalf of those similarly situated // To: MYDATT SERVICES, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV46157 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/22/2021 at 10:33 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Lorraine Brooks  lbrooks@smsholdings.com |
| | Email Notification,  David Cater  dcater@smsholdings.com |
| | Email Notification,  Nickolas E. Schimmel  nschimmel@smsholdings.com |
| | Email Notification,  Hiram Cox  hcox@smsholdings.com |
| | Email Notification,  Jeff Knipmeyer  jknipmeyer@smsholdings.com |
| | Email Notification,  MICHELLE SCHEIBLE  mscheible@smsholdings.com |
| | Email Notification,  Bill Stejskal  bstejskal@smsholdings.com |
| | Email Notification,  Rebecca Elzarad  relzarad@smsholdings.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700 |

EXHIBIT A, PAGE 14

 **CT Corporation**

**Service of Process Transmittal**
12/22/2021
CT Log Number 540781867

**TO:**  Jeff Knipmeyer
Sms Holdings, Inc.
7135 CHARLOTTE PIKE STE 100
NASHVILLE, TN 37209-5015

**RE:**  **Process Served in California**

**FOR:**  MYDATT SERVICES, INC.  (Domestic State: OH)

GLENDALE, CA 91203

866-665-5799
SouthTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, PAGE 15



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Dec 22, 2021

**Server Name:**             Carlos Canas

| Entity Served | MYDATT SERVICES, INC. |
|---|---|
| Case Number | 21STCV46157 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 05:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
MYDATT SERVICES INC., dba BLOCK BY BLOCK, an Ohio corporation; and DOES 1 to 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CESAR J BARRIOS GARAY individually and behalf of those similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: | CASE NUMBER: *(Número del Caso):*
*(El nombre y dirección de la corte es):* Superior Court for the State of California | 21STCV46157
County of Los Angeles
312 N Spring Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Marcus J. Bradley- Bradley/Grombacher LLP 31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361 Tel: (805) 270-7100

DATE: | Clerk, by Sherri R. Carter Executive Officer / Clerk of Court | , Deputy
*(Fecha)* 12/17/2021 | *(Secretario)* R. Lozano | *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
   Mydatt Services Inc., dba Block by Block,
3. ☒ on behalf of *(specify):* an Ohio Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100  [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

EXHIBIT A, PAGE 17

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: William Highberger

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 05:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

**BRADLEY/GROMBACHER, LLP**
Marcus Bradley, Esq. (SBN 174156)
Kiley Grombacher, Esq. (SBN 245960)
Lirit King, Esq. (SBN 252521)
31365 Oak Crest Drive, Suite 240
Westlake Village, CA  91361
Telephone: (805) 270-7100
Facsimile: (805) 618-2939
Email: mbradley@bradleygrombacher.com
Email: kgrombacher@bradleygrombacher.com
Email: lking@bradleygrombacher.com

**MAJARIAN LAW GROUP APC**
Garen Majarian Esq. (SBN 334104)
18250 Ventura Boulevard
Tarzana, California 91356
Telephone:  (818) 609-0807
Facsimile:   (818) 609-0892
E-Mail: garen@majarianlawgroup.com

Attorneys for Plaintiff CESAR J BARRIOS
GARAY individually and behalf of those similarly
situated

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

| | |
|---|---|
| CESAR J BARRIOS GARAY individually and behalf of those similarly situated<br><br>Plaintiff,<br><br>v.<br><br>MYDATT SERVICES INC., dba BLOCK BY BLOCK, an Ohio corporation; and DOES 1 to 10, inclusive<br><br>Defendant. | **CASE NO.  21STCV46157**<br>**CLASS ACTION COMPLAINT:**<br><br>1. **Failure to Pay Overtime Wages in Violation of Cal.** *Labor Code* **§§ 510, 1198;**<br>2. **Failure to pay all Wages and Minimum Wages in Violation of Cal.** *Labor Code* **§§ 1194, 1197, 1198;**<br>3. **Failure to Provide Meal Periods in Violation of Cal.** *Labor Code* **§§ 226.7, 512, 516 and 1198;**<br>4. **Failure to Provide Compliant Rest Breaks Periods in Violation of Cal.** *Labor Code* **§§ 226.7, 512, 516 and 1198;**<br>5. **Failure to Timely Furnish Accurate Itemized Wage Statements in Violation of Cal.** *Labor Code* **§226(a);**<br>6. **Failure to Reimburse Business Expenses in violation of in Violation of Cal.** *Labor Code* **§ 2802;** |

---

**COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7.  **Violations of California *Business & Professions Code* §§ 17200, *et seq.***

**DEMAND FOR JURY TRIAL**

**COMPLAINT**

Plaintiff, CESAR J BARRIOS GARAY (hereinafter "Plaintiff") hereby submits his Complaint against Defendant MYDATT SERVICES INC., dba BLOCK BY BLOCK, an Ohio corporation; and DOES 1 to 10 (hereinafter referred to as "Defendant") on behalf of himself and the class of all other similarly situated current and former employees of Defendant as follows:

## NATURE OF THE CASE

1.    This is a class action arising out of Defendant's failure to provide their non-exempt employees with all wages, meal and rest periods in compliance with the applicable Wage Order and/or the California *Labor Code*, by failing to reimburse business expenses, and by failing to provide accurate, itemized wage statements.

2.    MYDATT SERVICES INC., dba BLOCK BY BLOCK, is an Ohio corporation that is part of the investigation and security services industry, with its principal location in Nashville, Tennessee. At all relevant times, Defendant issued and maintained uniform, standardized scheduling and timekeeping practices and procedures for all non-exempt, hourly paid employees in California, including Plaintiff and others similarly situated, regardless of their location or position.

3.    Defendant has maintained practices across its locations which have failed and continue to fail to pay Plaintiff and other non-exempt employees all wages. Specifically, Defendant subjects its non-exempt employees to work off-the-clock. Plaintiff and other non-exempt employees are required to arrive to their work locations approximately five (5) minutes early and put on their uniforms and wash hands prior to each shift. Further, Plaintiff alleges Defendant only had one time clock, and there would be four to five employees clocking in at the same time. As a result, Plaintiff and other non-exempt employees were required to wait in line without compensation.

4.    Plaintiff and other non-exempt employees were also required to change out of their uniforms after each shift.

5.    Further, meal breaks are short and frequently interrupted as a result of needing to wash hands post Covid, and Defendant's requirement that Plaintiff and other non-exempt employees change out of their uniforms. Further, meal and rest breaks are late as a result of requiring Plaintiff and other non-exempt employees to work off the clock.

6.      Plaintiff and non-exempt employees were also required to keep their phones on during their meal breaks so that management may contact them as needed.

7.      In light of the foregoing, Defendant failed to provide Plaintiff and other non-exempt employees with compliant wage statements.

8.      Defendant also had a practice of failing to reimburse business related expenses such as the purchase of face masks as Plaintiff and non-exempt employees are required to wear face masks while carrying out their job duties.

9.      Plaintiff brings Causes of Action One through Seven (the "class claims") as a class action on behalf of himself and other similarly situated individuals who have worked for Defendant in California, at any time from four-years prior to the filing of this complaint, through the resolution of this action. Plaintiff, on his own behalf and on behalf of all Class Members, brings the class claims pursuant to California *Labor Code* §§ 226, 226.7, 510, 512, 516, 1174, 1194, 1194.2, 1197, 1198, 2802, the applicable Wage Order and under *Business & Professions Code* §§ 17200-17208, for unfair competition due to Defendant's unlawful, unfair and fraudulent business acts and practices.

10.     Plaintiff is informed and believes, and based thereon alleges, Defendant has engaged in, among other things a system of willful violations of the California *Labor Code* and the applicable IWC Wage Orders by creating and maintaining policies, practices and customs that knowingly deny employees the above stated rights and benefits.

## PARTIES

11.     Plaintiff, Cesar J Barrios Garay is an individual over the age of eighteen (18) and is now, and/or at all relevant times mentioned in this Complaint was, a resident and domiciliary of the State of California. Plaintiff has worked for Defendant since approximately 2014. Plaintiff currently works for a contract that Defendant has with the City of West Hollywood. Plaintiff works as an 'ambassador' and earns approximately $18.60 per hour.

12.     Plaintiff is informed and believes, and based thereon alleges, that Defendant Mydatt Services Inc. dba Block by Block is an Ohio corporation. Plaintiff is further informed and believes that at all times relevant hereto, Defendant has transacted, and continues to transact, business

throughout the State of California.

13.     Plaintiff is informed and believes, and based upon such information and belief alleges, that Defendant is, now and/or at all times mentioned in this Complaint was in some manner legally responsible for the events, happenings and circumstances alleged in this Complaint.

14.     Plaintiff is further informed and believes, and based upon such information and belief alleges, that at all times herein mentioned, Defendant proximately caused Plaintiff, all others similarly situated, and the general public to be subjected to the unlawful practices, wrongs, complaints, injuries and/or damages alleged in this Complaint.

15.     Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned, Defendant and DOES 1 through 10, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

16.     Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendant sued herein as DOES 1 through 10, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays for leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants were responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the general public and class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

17.     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

18.     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein were the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and were acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent

1  said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining
2  Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendants.

3       19.    At all times herein mentioned, Defendants, and each of them, were members of, and
4  engaged in, a joint venture, partnership and common enterprise, and acting within the course and
5  scope of, and in pursuance of, said joint venture, partnership and common enterprise.

6       20.    At all times herein mentioned, the acts and omissions of various Defendants, and
7  each of them, concurred and contributed to the various acts and omissions of each and all of the
8  other Defendants in proximately causing the injuries and damages as herein alleged. At all times
9  herein mentioned, Defendants, and each of them, ratified each and every act or omission
10 complained of herein. At all times herein mentioned, the Defendants, and each of them, aided and
11 abetted the acts and omissions of each and all of the other Defendants in proximately causing the
12 damages as herein alleged.

13      21.    The members of the class (as defined below), including the representative Plaintiff
14 named herein, have been employed during the Class Period in California. The practices and policies
15 which are complained of by way of this Complaint are enforced throughout the State of California.

16 **JURISDICTION AND VENUE**

17      22.    The Court has jurisdiction over this class action pursuant to Article 6, § 10 of the
18 California Constitution and California *Code of Civil Procedure* § 410.10.

19      23.    Additionally, this Court has jurisdiction over Plaintiff's and the Class' claims for
20 injunctive relief, including restitution of earned wages, arising from Defendant's unfair
21 competition under *Business & Professions Code* §§ 17203 and 17204.

22      24.    The Court has jurisdiction over Defendant because it is authorized to do business in
23 the State of California and is registered with the California Secretary of State. Defendant does
24 sufficient business with sufficient minimum contacts in California, and/or otherwise intentionally
25 avails itself of the California market through the advertising, marketing and sale of goods and
26 services, to render the exercise of jurisdiction over Defendant by the California court consistent
27 with traditional notions of fair play and substantial justice.

28      25.    Venue is proper in Los Angeles County because the acts which give rise to this

1  litigation occurred in this county and because Defendant has employed class members in this

2  county and transacts business in this county.

3  **FACTUAL ALLEGATIONS**

4      26.    Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

5      27.    Defendant has engaged in, and continues to engage in, unfair business practices in

6  California by practicing, employing and utilizing the employment practices and policies outlined

7  above.

8  ***Defendant's Failure to Pay Overtime Wages***

9      28.    During the Class Period, upon information and belief, Defendant had, and continues

10 to have, a company-wide policy of discouraging and impeding Plaintiff and other non-exempt

11 employees from recording hours worked that were outside of their scheduled shifts in order to limit

12 the amount of overtime employees could accrue. On information and belief, this policy of limiting

13 overtime, led Plaintiff and other aggrieved employees to work off-the-clock before and after their

14 scheduled shift times. For example, prior to almost every shift, Plaintiff is required to arrive

15 approximately five (5) minutes early and put on his uniform and wash hands. Further, as Defendant

16 only has one time clock, Plaintiff is required to wait in line to clock in, as four to five other

17 employees would be clocking in at the same time. Defendant also requires Plaintiff to change out

18 his uniform during his lunch breaks and after clocking out. When this occurs, Plaintiff is unable to

19 record this off-the-clock work because Defendant's management prohibited them from recording

20 hours worked outside of their scheduled shifts.

21     29.    At all times, Plaintiff and other non-exempt employees remained under the control

22 of Defendant. Defendant could have recorded this off-the-clock work, but refused to do so to avoid

23 paying Plaintiff and other non-exempt employees overtime wages.

24     30.    Therefore, Plaintiff and other non-exempt employees were not paid overtime wages

25 for all of the overtime hours they actually worked.

26 ***Defendant's Failure to Pay all Wages and Minimum Wages***

27     31.    As stated above, during the relevant time period, as a result of Defendant's policy of

28 limiting the amount of overtime employees could accrue, Plaintiff and other non-exempt

1  employees are forced to work off-the-clock before their scheduled shift start times to change into
2  their uniforms, wash hands, and wait in line to clock in. In addition, as set forth above, Defendant
3  has a company-wide practice of requiring employees to change out of their uniforms during their
4  meal breaks and after clocking out.

5       32.    To the extent that these off-the-clock hours did not qualify for overtime premium
6  payment, Defendant did not pay at least minimum wages for those hours worked off-the-clock.

7  ***Defendant's Failure to Provide Compliant Meal Periods***

8       33.    As stated above, Defendant had, and continues to have, a company-wide policy
9  and/or practice of failing to provide Plaintiff and other non-exempt employees with all timely,
10  uninterrupted meal periods to which they were, and are, entitled. As a result, Plaintiff and other
11  non-exempt employees were forced to work in excess of five (5) hours before taking a meal period
12  and, at times, had their meal periods cut short.

13       34.    For example, Plaintiff is required to change out his uniform during his meal break
14  and wash his hands. Further, on several occasions, Plaintiff's meal break has been interrupted by
15  the requirement to keep his phones on during their meal breaks so that management may contact
16  him as needed.

17  ***Defendant's Failure to Provide Compliant Rest Periods***

18       35.    During the relevant time period, Defendant regularly failed to authorize and permit
19  non-exempt employees to take a ten (10) minute rest period per each four (4) hour period worked
20  or major fraction thereof.

21       36.    Furthermore, on and information and belief, Defendant maintained a company-wide
22  policy whereby employees are required to keep their phones on in case management needed to
23  reach them. Thus, Defendant effectively maintained control over non-exempt employees.

24       37.    Additionally, as a result of requiring Plaintiff and other non-exempt employees to
25  work off the clock, rest breaks were not timely provided, and Defendant failed to pay in a premium
26  in lieu thereof.

27  ***Defendant's Failure to Provide Compliant Wage Statements***

28       38.    During the relevant time period, Defendant has knowingly and intentionally

provided Plaintiff and other non-exempt employees with uniform, incomplete, and inaccurate wage statements. For example, Defendant issued uniform wage statements to Plaintiff and other non-exempt employees that fail to correctly list: gross wages earned; total hours worked; net wages earned; and all applicable hourly rates in effect during the pay period, including rates of pay for overtime wages and/or meal and rest period premiums, and the corresponding number of hours worked at each hourly rate.

39.    Because Defendant did not record the time Plaintiff and other non-exempt employees spent working off-the-clock and cut meal breaks short (and therefore time for which they should have been paid), and failed to provide compliant rest breaks, Defendant did not list the correct amount of gross wages and net wages earned by Plaintiff and other non-exempt employees in compliance with California *Labor Code* §§ 226(a)(1) and 226(a)(5), respectively.

40.    For the same reason, Defendant failed to accurately list the total number of hours worked by Plaintiff and other non-exempt employees, and failed to list the applicable hourly rates of pay in effect during the pay period and the corresponding accurate number of hours worked at each hourly rate.

41.    Because Defendant failed to provide the correct net and gross wages earned, applicable rates of pay, and number of total hours worked on wage statements, Plaintiff and other non-exempt employees have been prevented from verifying, solely from information on the wage statements themselves, that they were paid correctly and in full. Instead, Plaintiff and other non-exempt employees have had to look to sources outside of the wage statements themselves and reconstruct time records to determine whether in fact they were paid correctly and the extent of underpayment, thereby causing them injury.

***Defendant's Failure to Reimburse Business Expenses***

42.    During the relevant time period, Defendant had a company-wide policy of requiring Plaintiff and other non-exempt employees to purchase their own face masks which were mandatory for their work. Defendant has failed to reimburse Plaintiff and other non-exempt employees for this cost.

//

**7**
**COMPLAINT**

*Facts Regarding Willfulness*

43.     Plaintiff is informed and believes, and based thereon alleges, that Defendant is and was advised by skilled lawyers, other professionals, employees with human resources background and advisors with knowledge of the requirements of California wage and hour laws and that at all relevant times, Defendant knew or should have known, that the Plaintiff Class members, including Plaintiff, were entitled to receive one hour of pay at the employee's regular rate of compensation for each day that a meal period was not provided and were and are entitled to received pay for all hours worked and accurate itemized wage statements.

*Unfair Business Practices*

44.     Defendant has further engaged in, and continues to engage in, unfair business practices in California by practicing, employing and utilizing the unlawful employment practices and policies outlined above.

45.     As a direct result of the wage and hour violations herein alleged, Plaintiff and members of the Plaintiff Class have suffered, and continue to suffer substantial losses related to the use and enjoyment of wages, lost interest on such wages, and expenses and attorneys' fees in seeking to compel Defendant to fully perform its obligations under state law, all to Plaintiff's and the Plaintiff Class members' respective damage in amounts according to proof at the time of trial.

*Plaintiff's Exhaustion of Administrative Remedies*

46.     Plaintiff is currently complying with the procedures for bringing suit specified in California *Labor Code* § 2699.3.

47.     By letter dated December 17, 2021, required notice was provided to the Labor and Workforce Development Agency ("LWDA") and Defendant, of the specific provisions of the California *Labor Code* alleged to have been violated, including the facts and theories to support the alleged violations.

48.     This Complaint will be amended when more than sixty-five (65) days have passed since the date the notice was mailed to Defendant and the LWDA, if the LWDA chooses not to investigate the allegations herein.

//

## CLASS ACTION ALLEGATIONS

49.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50.     Pursuant to California *Code of Civil Procedure* § 382, this action is brought and may be properly maintained as a class action. This action satisfies the ascertainability, numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of those provisions.

51.     Plaintiff brings this suit as a class action on behalf of individuals defined as follows:

52.     *Plaintiff Class*: All persons who have been, or currently are, employed by Defendant and who held, or hold, job positions which Defendant has classified as "non-exempt" employees in the State of California, at any time since four years prior to filing this action, through the date judgment is rendered in this action.

53.     *Numerosity:* Plaintiff is informed and believes, and on that basis alleges, that during the class period hundreds of class members have been employed by Defendant as non-exempt employees in the State of California. Because so many persons have been employed by Defendant in this capacity, the members of the Plaintiff Class are so numerous that joinder of all members is impossible and/or impracticable.

54.     *Common Questions of Law and/or Fact:* Common questions of law, in fact, exist as to all members of the Plaintiff Class and predominate over any questions affecting solely individual members of the Plaintiff Class. Among the questions of law and fact, that are relevant to the adjudication of class members' claims are as follows:

      a.     Whether Plaintiff and Class Members are subject to and entitled to the benefits of California wage and hour statutes;

      b.     Whether Defendant failed to pay Plaintiff and Class Members for all hours worked;

      c.      Whether Defendant failed to pay Plaintiff and Class Members all overtime;

      d.     Whether Defendant had a standard policy of not providing compliant meal breaks and premiums to Plaintiff and members of the Plaintiff Class;

      e.     Whether Defendant had a standard policy of not providing compliant rest breaks and premiums to Plaintiff and members of the Plaintiff Class;

f. Whether Defendant unlawfully and/or willfully failed to provide Plaintiff and members of the Plaintiff Class with true and proper wage statements upon payment of wages, in violation of California *Labor Code* § 226;

g. Whether Defendant failed to reimburse Plaintiff and members of the Plaintiff Class for business-related expenses;

h. Whether Plaintiff and members of the Plaintiff Class sustained damages, and if so, the proper measure of such damages, as well as interest, penalties, costs, attorneys' fees, and equitable relief;

i. Whether Defendant's conduct as alleged herein violates the Unfair Business Practices Act of California, *Bus. & Prof. Code* § 17200, *et seq*.

55. *Typicality:* The claims of the named Plaintiff are typical of the claims of the members of the Plaintiff Class. Defendant's common course of conduct in failing to provide their non-exempt employees with meal periods and all wages in compliance with the applicable Wage Order or premium compensation at the regular rate in lieu thereof, and failing to provide them with compliant wage statements has caused Plaintiff and the proposed Class to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the proposed Class. Plaintiff and the proposed Class sustained the same or similar injuries and damages arising from Defendant's common policies, practices, procedures, protocols, routines, and rules which were applied to other class members as well as Plaintiff. Plaintiff seeks recovery for the same type of losses, injuries, and damages as were suffered by other members of the proposed class.

56. *Adequacy of Representation:* Plaintiff is a representative of the proposed class because he is a members of the class, and his interests do not conflict with the interests of the members he seeks to represent. Plaintiff has retained competent counsel, experienced in the prosecution of complex class actions, and together Plaintiff and his counsel intend to prosecute this action vigorously for the benefit of the class. The interests of the Class Members will fairly and adequately be protected by Plaintiff and their attorneys.

57. *Superiority of Class Action*: A class action is superior to other available methods for

the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class Members is impracticable. It would be unduly burdensome to the courts if these matters were to proceed on an individual basis, because this would potentially result in hundreds of individual, repetitive lawsuits. Further, individual litigation presents the potential for inconsistent or contradictory judgments, and the prospect of a "race to the courthouse," and an inequitable allocation of recovery among those with equally meritorious claims. By contrast, the class action device presents far fewer management difficulties, and provides the benefit of a single adjudication, economics of scale, and comprehensive supervision by a single court.

58.     The various claims asserted in this action are additionally or alternatively certifiable under the provisions of the California *Code of Civil Procedure* § 382 because:

> a.     The prosecution of separate actions by hundreds of individual class members would create a risk of varying adjudications with respect to individual class members, thus establishing incompatible standards of conduct for Defendant, and

> b.     The prosecution of separate actions by individual class members would also create the risk of adjudications with respect to them that, as a practical matter, would be dispositive of the interest of the other class members who are not a party to such adjudications and would substantially impair or impede the ability of such non-party class members to protect their interests.

### FIRST CAUSE OF ACTION

### Unpaid Overtime

### (By Plaintiff and Members of the Putative Class Against Defendant)

59.     Plaintiff incorporates herein by reference the allegations set forth above.

60.     At all times relevant herein, which comprise the time period not less than four (4) years preceding the filing of this action, Defendant was required to compensate their hourly employees for all overtime hours worked.

61.     California *Labor Code* §§ 510 and 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order require employers to pay employees working more than eight (8) hours in a day or more than forty (40) hours in a workweek at the rate of time-and-one-half

(1½) times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek. The applicable IWC Wage Order further provides that employers are required to pay employees working more than twelve (12) hours in a day overtime compensation at a rate of two (2) times their regular rate of pay. An employee's regular rate of pay includes all remuneration for employment paid to, or on behalf of, the employee, including nondiscretionary bonuses and incentive pay.

62.     Defendant willfully failed to pay all overtime wages owed to Plaintiff and members of the Class. During the relevant time period, Plaintiff and members of the Class were not paid overtime premiums for all of the hours they worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, and/or in excess of forty (40) hours in a week, because all hours that they worked were not recorded.

63.     For example, prior to almost every shift, Plaintiff is required to arrive early and put on his uniform and wash hands. Further, as Defendant only has one time clock, Plaintiff is required to wait in line to clock in, as four to five other employees would be clocking in at the same time. Defendant also requires Plaintiff and other members of the Class to change out their uniform during his lunch breaks and after they clock out When this occurs, Plaintiff is unable to record this off-the-clock work because Defendant's management prohibited them from recording hours worked outside of their scheduled shifts.

64.     Defendant knew or should have known that as a result of company-wide practices and/or policies, Plaintiff and members of the Class were performing assigned duties off-the-clock before their shift and during their meal periods, and were suffered or permitted to perform work for which they were not paid. Because Plaintiff and members of the Class worked shifts of eight (8) hours a day or more or forty (40) hours a week or more, some of this off-the-clock work qualified for overtime premium pay. Therefore, Plaintiff and members of the Class were not paid overtime wages for all of the overtime hours they actually worked.

65.     Defendant's failure to pay Plaintiff and members of the Class the balance of overtime compensation, as required by California law, violates the provisions of California *Labor Code* §§ 510 and 1198. Plaintiff and members of the Class are entitled to recover civil penalties,

1    attorney's fees, costs, and interest thereon.

2    **SECOND CAUSE OF ACTION**

3    **Failure to Pay All Wages**

4    **(By Plaintiff and Members of the Putative Class Against Defendant)**

5    66.    Plaintiff incorporates herein by reference the allegations set forth above.

6    67.    At all times relevant herein, which comprise the time period not less than four (4)

7    years preceding the filing of this action, Defendant was required to compensate their hourly

8    employees for all hours worked.

9    68.    For at least the four (4) years preceding the filing of this action, Defendant failed to

10   compensate employees for all hours worked. Defendant implemented policies that actively

11   prevented employees from being compensated for all time worked by subjecting Plaintiff and

12   members of the Class to work off-the-clock.

13   69.    Under the above-mentioned Wage Order and state regulations, Plaintiff and the

14   Plaintiff Class are entitled to recover compensation for all hours worked, but not paid, for the four

15   (4) years preceding the filing of this action, in addition to reasonable attorney's fees and costs of

16   suit in accordance with California *Labor Code* § 218.5, and penalties pursuant to California *Labor*

17   *Code* §§ 203 and 206.

18   70.    The applicable IWC Wage Order defines "hours worked" to mean "the time during

19   which an employee is subject to the control of an employer and includes all the time the employee

20   is suffered or permitted to work, whether or not required to do so."

21   71.    Defendant suffered or permitted Plaintiff and members of the Plaintiff Class to work

22   portions of the day for which Defendant failed to compensate them. This includes time spent under

23   Defendant's control prior to clocking in and after clocking out. Specifically, as alleged above, prior

24   to almost every shift, Plaintiff is required to arrive approximately five (5) minutes early and put on

25   his uniform and wash hands. Further, as Defendant only has one time clock, Plaintiff is required to

26   wait in line to clock in, as four to five other employees would be clocking in at the same time.

27   Defendant also requires Plaintiff and members of the Class to change out their uniform during their

28   lunch breaks and after they clock out. When this occurs, Plaintiff is unable to record this off-the-

1   clock work because Defendant's management prohibited them from recording hours worked
2   outside of their scheduled shifts.

3       72.    California *Labor Code* § 1194(a) provides in relevant part: "Notwithstanding any
4   agreement to work for a lesser wage, any employee receiving less than the legal minimum wage …
5   is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage
6   … including interest thereon, reasonable attorney's fees, and costs of suit."

7       73.    California *Labor Code* § 1194.2(a) provides in relevant part: "In any action under
8   Section 1193.6, 1194, or 1197.1 to recover wages because of the payment of a wage less than the
9   minimum wage fixed by an order of the commission … an employee shall be entitled to recover
10  liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon."

11      74.    California *Labor Code* § 1197 provides: "The minimum wage for employees fixed
12  by the commission … is the minimum wage to be paid to employees, and the payment of a lower
13  wage than the minimum so fixed is unlawful."

14      75.    Plaintiff is informed and believes, and therefore alleges, that Defendant's
15  compensation schemes do not fairly compensate Plaintiff and other Class Members for all hours
16  spent performing their job duties.

17      76.    The failure to pay at least minimum wages to Plaintiff and members of the Plaintiff
18  Class for each and every hour worked violates California *Labor Code* §§ 1194, 1194.2, and 1197;
19  the applicable IWC Wage Order, section 4; and California *Business & Professions Code.*

20      77.    The failure to pay designated wages to Plaintiff and members of the Plaintiff Class
21  for each and every hour worked violates California *Labor Code* §§ 221 and 223; IWC Wage Order;
22  and California *Business & Professions Code.*

23      78.    During the applicable time period, Defendant has and continues to have a pattern
24  and practice of not providing its employees all wages, by failing to include all compensable time,
25  including time worked off-the-clock.

26      79.    As a proximate result of the above-mentioned violations. Plaintiff and the Plaintiff
27  Class have been damaged in an amount according to proof at time of trial.

28  //

**THIRD CAUSE OF ACTION**

**Non-Compliant Meal Breaks**

**(By Plaintiff and Members of the Putative Class Against Defendant)**

80.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

81.     Plaintiff is informed and believes, and thereon allege, that Plaintiff and the Class Members regularly worked more than five (5) hours per shift and were entitled to a meal period of not less than thirty (30) minutes without duty.

82.     Nevertheless, Plaintiff is informed and believes, and thereon alleges, that Defendant routinely failed to provide Plaintiff and the members of the Class with such meal periods without duty, notwithstanding the fact that Plaintiff and the members of the Class had not waived their right to the same. Thus, Defendant failed to provide Plaintiff and the members of the Class with meal periods required by California *Labor Code* §§ 226.7, 512, 516 and IWC Wage Order, section 11 and categorically failed to pay any and all meal period wages due.

83.     Plaintiff and Class Members seek damages pursuant to California *Labor Code* § 226.7(b) and IWC Wage Order section 11(D), in the amount of one additional hour of pay at the regular rate for each work day that the meal period is/was not provided to Plaintiff and any member of members of the Class, the cumulative sum of which is to be determined at trial.

84.     Under the foregoing, California employers must provide meal periods and authorize and permit rest periods to all employees during their shifts. In *Augustus v. ABM Security Services, Inc*., 2 Cal.5th 257 (2016), the California Supreme Court reaffirmed that the required meal and rest periods must be "off-duty," which means that employees must be relieved of "all work-related duties," including the duty to remain "on call," and they must be "free from employer control" over how they "spend their time." *Id*. at 264, 269. Employees must have the freedom to use meal and rest periods for their own purposes. *Id.* at 270; *Brinker Rest. Corp. v. Superior Court,* 53 Cal.4th 1004, 1038-39 (2012).

85.     Yet Defendant did and does not provide Plaintiff and members of the Class with meal periods during which they are completely relieved of duty for at least thirty (30) minutes by

**15**

**COMPLAINT**

1  the fifth hour of work and again by the tenth hour of work.

2      86.    Rather, Plaintiff and members of the Class' meal periods are cut short as a result of

3  hand washing and needing to change out of their uniforms during each meal period. Further,

4  Plaintiff alleges that meal breaks have been interrupted by the requirement to keep their phones on

5  during their meal breaks so that management may contact them as needed. Meal breaks are also

6  late, as the assigned meal period time did not take into consideration the time Plaintiff and

7  members of the Class worked off the clock.

8      87.    Thus, Defendant has failed to perform its obligations to provide Plaintiff and the

9  members of the Plaintiff Class with off-duty meal periods by the end of the fifth hour of work and

10  a second meal period by the end of the tenth hour of work. Defendant also has failed to pay

11  Plaintiff and the members of the Plaintiff Class one (1) hour of pay at the regular rate for each off-

12  duty meal period that they have been denied.

13      88.    On July 15, 2021, the California Supreme Court issued a decision in *Ferra v. Loews*

14  *Hollywood Hotel, LLC*, 11 Cal.5th 858 (2021) where the court unanimously held that employers

15  must pay premium payments to employees for missed meal, rest, and recovery breaks at the

16  employee's "regular rate of pay" instead of their base hourly rate. The regular rate of pay may be

17  higher than the base hourly rate because the regular rate of pay must include all nondiscretionary

18  incentive payments, including nondiscretionary bonuses and overtime.

19      89.    Defendant knew or should have known that as a result of its policies and/or

20  practices, that Plaintiff and members of the Class were not actually relieved of all duties to take

21  timely, uninterrupted meal periods. Defendant further knew or should have known that it did not

22  pay Plaintiff and members of the Class all meal period premiums when meal periods were missed,

23  late, short, and/or interrupted. Furthermore, Defendant has engaged in a company-wide practice

24  and/or policy of not paying meal period premiums owed when compliant meal periods are not

25  provided. Because of this practice and/or policy, Plaintiff and members of the Class have not

26  received all premium pay for missed, interrupted, or late meal periods.

27      90.    Accordingly, Defendant failed to provide all meal periods in violation of California

28  *Labor Code* §§ 226.7, 512(a), 516, and 1198.

91.     Plaintiff and members of the Class are entitled to civil penalties, attorney's fees, costs, and interest thereon.

### FOURTH CAUSE OF ACTION

### Non-Compliant Rest Breaks

### (By Plaintiff and Members of the Putative Class Against Defendant)

92.     Plaintiff hereby incorporates by reference each and every one of the allegations contained in the preceding paragraphs as if the same were fully set forth herein.

93.     California *Labor Code* sections 226.7, 516, and 1198, and the applicable IWC Wage Order require employers to provide rest periods and to pay an employee one (1) additional hour of pay at the employee's regular rate for each work day that a meal or rest period is not provided.

94.     California *Labor Code* section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC. The applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

95.     To comply with its obligation to authorize and permit rest periods under California *Labor Code* section 226.7 and the applicable IWC Wage Order, an employer must "relinquish any control over how employees spend their break time, and relieve their employees of all duties—including the obligation that an employee remain on call. A rest period, in short, must be a period of rest." *Augustus, et al. v. ABM Security Services, Inc*., 2 Cal. 5th 257, 269-270 (2016).

96.     During the Class Period, Defendant regularly failed to authorize and permit members of the Class to take a ten (10) minute rest period per each four (4) hour period worked or major fraction thereof. This was a result of Defendant requiring members of the Class to have their phones on in case management needed to contact them. Further, as a result of requiring Plaintiff and members of the Class to work off the clock, rest breaks were provided late.

97.     As a result of Defendant's practices and policies, Class members worked shifts in

1    excess of 3.5 hours, in excess of 6 hours, and/or in excess of 10 hours without receiving an

2    uninterrupted 10-minute rest periods to which they were entitled.

3          98.    Defendant also has engaged in a company-wide practice and/or policy of not paying

4    rest period premiums owed when compliant rest periods are not authorized and permitted. Because

5    of this practice and/or policy, Plaintiff and members of the Class have not received premium pay

6    for all missed rest periods. Alternatively, to the extent that Defendant did pay Plaintiff and

7    members of the Class one (1) additional hour of premium pay for missed rest periods, Defendant

8    did not pay Plaintiff and members of the Class at the correct rate of pay for premiums because

9    Defendant failed to include all forms of compensation, such as overtime pay in the regular rate of

10   pay.

11         99.    Accordingly, Defendant failed to authorize and permit all rest periods in violation of

12   California Labor Code sections 226.7, 516, and 1198. Plaintiff and members of the Class are

13   entitled to civil penalties, attorney's fees, costs, and interest thereon.

14                              **FIFTH CAUSE OF ACTION**

15                  **Failure to Furnish Accurate Itemized Wage Statements**

16               **(By Plaintiff and Members of the Putative Class Against Defendant)**

17         100.   Plaintiff hereby incorporates by reference each and every one of the allegations

18   contained in the preceding paragraphs as if the same were fully set forth herein.

19         101.   California *Labor Code* § 226(a) and IWC Wage Order, section 7(B) requires

20   employers to furnish each employee with a statement itemizing, among other things, the total hours

21   worked by the employee, on a semi-monthly basis or at the time of each payment of wages.

22         102.   California *Labor Code* § 226(e) provides that if an employer fails to comply with

23   providing an employee with properly itemized wage statements as set forth in *Labor Code*

24   § 226(a), then the employee is entitled to recover the greater of all actual damages or $50 for the

25   initial pay period in which a violation occurs and $100 per employee for each violation in a

26   subsequent pay period, not to exceed $4,000. Further, *Labor Code* § 226.3 provides that any

27   employer who violates *Labor Code* § 226(a) shall be subject to a civil penalty in the amount of

28   $250 per employee per violation in an initial citation and $1,000 per employee for each violation in

---

1    a subsequent citation, for which the employer fails to provide the employee a wage statement or

2    fails to keep the required records pursuant to section 226(a).

3        103.    Defendant knowingly and intentionally failed to furnish Plaintiff and the members

4    of the Class with timely, itemized statements in compliance with California *Labor Code* § 226(a)

5    and IWC Wage Order section 7(B).

6        104.    Plaintiff is informed and believes, and thereon alleges, that Defendant knowingly

7    and intentionally failed to furnish Plaintiff and members of the Class with timely, itemized

8    statements showing (a) total hours, (b) gross wages earned, (c) all deductions, and/or (d) all

9    applicable hourly rates in effect during each respective pay period and the corresponding number

10    of hours worked at each hourly rate by each respective individual.

11        105.    Plaintiff is informed and believes, and thereon alleges, that Defendant did not

12    maintain accurate business records pertaining to the total hours worked for Defendant by Plaintiff

13    and the members of the Class as required under California *Labor Code* § 1174.5. This is a result of

14    missing hours worked, incorrect rates of pay, and missed meal and rest break premiums.

15        106.    As a result of not having kept accurate records, Plaintiff and the Class Members

16    suffered injuries in the form of confusion over whether they received all wages owed to them, and

17    difficulty and expense in reconstructing pay records in addition to other injuries which may come

18    to light during the discovery process.

19        107.    California *Labor Code* § 1198 provides that the maximum hours of work and the

20    standard conditions of labor shall be those fixed by the Labor Commissioner and as set forth in the

21    applicable IWC Wage Order. Section 1198 further provides that "[t]he employment of any

22    employees for longer hours than those fixed by the order or under conditions of labor prohibited by

23    the order is unlawful." Pursuant to the applicable IWC Wage Order, employers are required to keep

24    accurate time records showing when the employee begins and ends each work period and meal

25    period.

26        108.    During the relevant time period, Defendant failed, on a company-wide basis, to keep

27    accurate records of work and meal period start and stop times for Plaintiff and members of the

28    Class, in violation of California *Labor Code §* 1198.

109.     Plaintiff and the members of the Class herein seek damages and penalties pursuant to California *Labor Code* § 226(e) for Defendant's violations of California *Labor Code* § 226(a).

110.     Plaintiff and Class Members also seek preliminary and permanent injunctive relief and an award of reasonable attorneys' fees and costs pursuant to California *Labor Code* § 226(h).

111.      Plaintiff and the members of the Class also request relief as described below.

### SIXTH CAUSE OF ACTION

### Failure to Reimburse Business Expenses

### (By Plaintiff and Members of the Putative Class Against Defendant)

112.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

113.     California *Labor Code* § 2802 requires employers to pay for all necessary expenditures and losses incurred by the employee in the performance of his or her job. The purpose of *Labor Code* § 2802 is to prevent employers from passing off their cost of doing business and operating expenses on to their employees. *Cochran v. Schwan's Home Service, Inc.*, 228 Cal. App. 4th 1137, 1144 (2014).

114.     The applicable wage order, provides that: "[w]hen tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

115.     During the Class Period Defendant had a company-wide policy requiring Plaintiff and members of the Class to purchase their own face masks which were mandatory for the job.

116.     Defendant could have provided Plaintiff and members of the Class with face masks. Or, Defendant could have reimbursed employees for the costs of their masks or provided. Instead, Defendant passed these operating costs off onto Plaintiff and members of the Class. At all relevant times, Plaintiff did not earn at least two (2) times the minimum wage

117.     Thus, Defendant had, and continues to have, a company-wide policy and/or practice of not reimbursing employees for expenses necessarily incurred in violation of California *Labor*

**20**

1    *Code* § 2802.

2        118.    Plaintiff and members of the Class are entitled to recover civil penalties, attorney's

3    fees, costs, and interest thereon.

4                              **SEVENTH CAUSE OF ACTION**

5                              **VIOLATIONS OF CALIFORNIA**

6            ***BUSINESS AND PROFESSIONS CODE* SECTION 17200, *et seq.***

7            **(By Plaintiff and the Members of the Plaintiff Class Against Defendant)**

8        119.    Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set

9    forth herein.

10       120.    California *Business and Professions Code* §17200 defines unfair competition to

11   include, "unlawful, unfair or fraudulent business practices."

12       121.    Plaintiff and all proposed Class Members are "persons within the meaning of

13   *Business and Professions Code* §17204, who have suffered injury in fact and have lost money or

14   property as a result of Defendant's unfair competition.

15       122.    Defendant has been committing, and continues to commit, acts of unfair

16   competition by engaging in the unlawful, unfair and fraudulent business practices and acts

17   described in this Complaint, including, but not limited to:

18       a)   violations of California *Labor Code* §§ 510, 1198;

19       b)   violations of California *Labor Code* §§ 1194, 1194.2, 1197, 1198;

20       c)   violations of California *Labor Code* §§ 226.7, 512, 516, and 1198;

21       d)   violations of California *Labor Code* § 226, 1174;

22       e)   violations of California *Labor Code* § 2802; and

23       f)   violations of the applicable Wage Order.

24       123.    As a result of its unlawful, unfair, and/or fraudulent business acts and practices,

25   Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of

26   Plaintiff and proposed Class Members. Defendant's unlawful, unfair, and/or fraudulent conduct has

27   also enabled Defendant to gain an unfair competitive advantage over law-abiding employers and

28   competitors.

124.    The *Business and Professions Code* §17203 provides that the Court may restore to an aggrieved party any money or property acquired by means of the unlawful, unfair, and/or fraudulent business acts or practices.

125.    Plaintiff seeks a court order enjoining Defendant from the unlawful, unfair, and/or fraudulent activity alleged herein.

126.    Pursuant to Civil Code §3287(a), Plaintiff and other members of the Plaintiff Class are entitled to recover pre-judgment interest on wages earned, but not paid.

127.    Plaintiff further seeks an order requiring an audit and accounting of the payroll records to determine the amount of restitution of all unpaid wages owed to himself and members of the proposed Plaintiff Class, according to proof, as well as a determination of the amount of funds to be paid to current and former employees that can be identified and located pursuant to a court order and supervision.

128.    Plaintiff seeks restitution for himself and all others similarly situated of these amounts, including all earned and unpaid wages and attorneys' fees and costs pursuant to Cal. Code Civ. Proc. §1021.5.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, and the Class Members pray for judgment as follows:

1.  For an order certifying the proposed Plaintiff Class;

2.  For an order that counsel for Plaintiff be appointed class counsel;

3.  Certification of this class action on behalf of the proposed Plaintiff Class;

4.  Designation of Plaintiff as the class representatives of the Plaintiff Class;

5.  For restitution of all monies due to Plaintiff and the members of the Plaintiff Class and disgorgement of all profits from the unlawful business practices of Defendant;

6.   An order appointing Plaintiff's counsel as class counsel;

7.  Prejudgment and post judgment interest on all sums awarded;

8.  For compensatory damages;

9.  For penalties pursuant to California *Labor Code* §§ 200, 226, 226.7, 226.3;

10. For interest accrued to date;

11. For costs of suit and expenses incurred herein pursuant to California *Labor Code* §§ 226 and 1194;

12. For reasonable attorneys' fees pursuant to California *Labor Code* § 226, Code of Civil Procedure § 1021.5, and/or other applicable law; and

13. A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law;

   a.   California *Labor Code* §§ 510, 1198 for failing to pay overtime;

   b.   California *Labor Code* §§ 1194, 1194.2, 1197, 1198 for failing to pay all wages;

   c.   California *Labor Code* §§ 226.7, 512, 516, and 1198 for failing to provide compliant meal and rest breaks;

   d.   California *Labor Code* § 226, 1174 for failing to provide compliant wage statements;

   e.   California *Labor Code* § 2802 for failing to reimburse business expenses;

   f.   California *Business & Professions Code* §§ 17200-08 by violating the provisions set forth herein above.

14. For all such other and further relief that the Court may deem just and proper.

DATED:  December 17, 2021

                                      **BRADLEY/GROMBACHER, LLP**
                                      **MAJARIAN LAW GROUP APC**

          By: *Marcus J. Bradley*
                   Marcus Bradley, Esq.
                   Kiley Grombacher, Esq.
                   Lirit King, Esq.
                   Garen Majarian, Esq.

                   Attorneys for Plaintiff

1

**DEMAND FOR JURY TRIAL**

2      Plaintiff hereby demands trial of Plaintiff's and the members of the Class's claims by jury

3  to the extent authorized by law.

4

5  DATED:  December 17, 2021                    **BRADLEY/GROMBACHER, LLP**

6                                              **MAJARIAN LAW GROUP APC**

7

8                                  By: _Marcus J. Bradley_
                                   _____

9                                      Marcus Bradley, Esq.
                                       Kiley Grombacher, Esq.

10                                     Lirit King, Esq.
                                       Garen Majarian, Esq.

11
                                       Attorneys for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Electronically FILED by Superior Court of California, County of Los Angeles on 12/17/2021 05:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Lozano,Deputy Clerk

Case 2:22-cv-00469-LA-PD   Document 1-2   Filed 01/21/22   Page 32 of 62   Page ID #:45

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | | FOR COURT USE ONLY |

BRADLEY/GROMBACHER LLP
Marcus J. Bradley, Esq. (SBN 174156), Kiley L. Grombacher, Esq. (SBN 245960)
31365 Oak Crest Drive, Suite 240, Westlake Village, CA 91361

TELEPHONE NO.: (805) 270-7100          FAX NO. *(Optional):* (805) 270-7589
ATTORNEY FOR *(Name):* Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 312 N Spring Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Los Angeles Superior Court

CASE NAME:
Garay v. Mydatt Services Inc., dba Block by Block

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] **Unlimited** (Amount demanded exceeds $25,000) / [ ] **Limited** (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 21STCV46157 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[x] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is  [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* SEVEN (7)
5. This case [x] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: December 17, 2021
Marcus J. Bradley, Esq.
_____
(TYPE OR PRINT NAME)

▶ *Marcus J. Bradley*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov* |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET** CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: Garay v. Mydatt Services Inc., dba Block by Block | CASE NUMBER  21STCV46157 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.3
EXHIBIT A, PAGE 46
Page 1 of 4

| SHORT TITLE: Garay v. Mydatt Services Inc., dba Block by Block | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034 Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032 Quiet Title | 2, 6 |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2, 6, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
EXHIBIT A, PAGE 47
Page 2 of 4

| SHORT TITLE: Garay v. Mydatt Services Inc., dba Block by Block | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

| SHORT TITLE: Garay v. Mydatt Services Inc., dba Block by Block | CASE NUMBER |
|---|---|

**Step 4:** **Statement of Reason and Address**:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected.  Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>☑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7.  ☐ 8. ☐  9. ☐ 10. ☐ 11. | ADDRESS: |
|---|---|
| CITY:<br><br>West Hollywood | STATE:<br><br>CA | ZIP CODE:<br><br>90046 | |

**Step 5:** **Certification of Assignment:** I certify that this case is properly filed in the ___CENTRAL___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: ___December 17, 2021___

*Marcus J. Bradley*

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18

For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3

EXHIBIT A, PAGE 49
Page 4 of 4

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Spring Street Courthouse<br>312 North Spring Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>12/17/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Lozano _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV46157 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | William F. Highberger | 10 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

Sherri R. Carter, Executive Officer / Clerk of Court

on  12/20/2021
   (Date)

By R. Lozano , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE** EXHIBIT A, PAGE 50

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

 **Superior Court of California, County of Los Angeles**

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

    **Mediation may be appropriate when the parties**
    - want to work out a solution but need help from a neutral person.
    - have communication problems or strong emotions that interfere with resolution.

    **Mediation may not be appropriate when the parties**
    - want a public trial and want a judge or jury to decide the outcome.
    - lack equal bargaining power or have a history of physical/emotional abuse.

## How to Arrange Mediation in Los Angeles County

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

- **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
- **JAMS, Inc.** Assistant Manager Reggie Joseph, RJoseph@jamsadr.com (310) 309-6209
- **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

Day of trial mediation programs have been paused until further notice.

**Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

   The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

   *The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:      FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

   a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise?  If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve.  Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable?  Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

   b. Initial mutual exchanges of documents at the "core" of the litigation.  (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core."  In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

   c. Exchange of names and contact information of witnesses;

   d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

   e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

   f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case.  Also, when and how such issues can be presented to the Court;

   g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use
**STIPULATION – EARLY ORGANIZATIONAL MEETING**
EXHIBIT A – PAGE 55
Page 12

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.  Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.  Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.  The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>                                    <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.  The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.  References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➢  _____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR PLAINTIFF)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR DEFENDANT)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)
Date:

                                            ➢  _____
_____
             (TYPE OR PRINT NAME)                              (ATTORNEY FOR _____)

LACIV 229 (Rev 02/15)       **STIPULATION – EARLY ORGANIZATIONAL MEETING**       EXHIBIT 1, PAGE 56
LASC Approved 04/11                                                              Page 2 of 2

| Print | Save | Clear |
|---|---|---|

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

iii.   Be filed within two (2) court days of receipt of the Request; and

iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

EXHIBIT A - PAGE 59

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐  Request for Informal Discovery Conference
   ☐  Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

LACIV 094 (new)
LASC Approved 04/11
For Optional Use

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

EXHIBIT A, PAGE 60

Print    Save    Clear

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:                         FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

EXHIBIT A, PAGE 61
Page 1 of 2

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

Date:

_____
(TYPE OR PRINT NAME)

➢ _____
(ATTORNEY FOR PLAINTIFF)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR DEFENDANT)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

➢ _____
(ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| Print | Save | | Clear |
|---|---|---|---|

LACIV 075 (new)
LASC Approved 04/11

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

# FILED

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

EXHIBIT A, PAGE 63

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

1  by Code of Civil Procedure section 1054(a) without further need of a specific court

2  order.

3

4  DATED: _May 11, 2011_                    _Carolyn B. Kuhl_

5                                           Carolyn B. Kuhl, Supervising Judge of the

6                                           Civil Departments, Los Angeles Superior Court

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

ORDER PURSUANT TO CCP 1054(a)

 CT Corporation

**Service of Process Transmittal**
01/12/2022
CT Log Number 540872532

**TO:** Jeff Knipmeyer
Sms Holdings, Inc.
7135 CHARLOTTE PIKE STE 100
NASHVILLE, TN 37209-5015

**RE:** **Process Served in California**

**FOR:** MYDATT SERVICES, INC.  (Domestic State: OH)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: CESAR J BARRIOS GARAY individually and behalf of those similarly situated // To: MYDATT SERVICES, INC. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 21STCV46157 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, GLENDALE, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/12/2022 at 01:43 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Lorraine Brooks  lbrooks@smsholdings.com |
| | Email Notification,  David Cater  dcater@smsholdings.com |
| | Email Notification,  Nickolas E. Schimmel  nschimmel@smsholdings.com |
| | Email Notification,  Hiram Cox  hcox@smsholdings.com |
| | Email Notification,  Jeff Knipmeyer  jknipmeyer@smsholdings.com |
| | Email Notification,  MICHELLE SCHEIBLE  mscheible@smsholdings.com |
| | Email Notification,  Bill Stejskal  bstejskal@smsholdings.com |
| | Email Notification,  Rebecca Elzarad  relzarad@smsholdings.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700 |

EXHIBIT A, PAGE 66

 CT Corporation

**Service of Process Transmittal**
01/12/2022
CT Log Number 540872532

**TO:**  Jeff Knipmeyer
Sms Holdings, Inc.
7135 CHARLOTTE PIKE STE 100
NASHVILLE, TN 37209-5015

**RE:**  **Process Served in California**

**FOR:**  MYDATT SERVICES, INC.  (Domestic State: OH)

GLENDALE, CA 91203

866-665-5799
SouthTeam2@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| -- | By Certified Mail on 12/27/2021 at 13:47 postmarked: "Not Post Marked" | Jeff Knipmeyer Sms Holdings, Inc. | 540797605 |
| -- | By Process Server on 12/22/2021 at 10:33 | Jeff Knipmeyer Sms Holdings, Inc. | 540781867 |

Page 2 of  2 / JS

EXHIBIT A, PAGE 67



## PROCESS SERVER DELIVERY DETAILS

**Date:**                Wed, Jan 12, 2022

**Server Name:**         Carlos Canas

| Entity Served | MYDATT SERVICES, INC. |
|---------------|------------------------|
| Case Number | 21STCV46157 |
| Jurisdiction | CA |



EXHIBIT A, PAGE 68

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
### Central District, Spring Street Courthouse, Department 10

**21STCV46157**
**CESAR J BARRIOS GARAY vs MYDATT SERVICES INC.**

January 7, 2022
9:56 AM

| | |
|---|---|
| Judge: Honorable William F. Highberger | CSR: None |
| Judicial Assistant: M. Mata | ERM: None |
| Courtroom Assistant: None | Deputy Sheriff: None |

**APPEARANCES:**

For Plaintiff(s): No Appearances

For Defendant(s): No Appearances

**NATURE OF PROCEEDINGS:** Court Order re: Complex Designation

By this order, the Court determines this case to be Complex according to Rule 3.400 of the California Rules of Court. The Clerk's Office has randomly assigned this case to this department for all purposes.

By this order, the Court stays the case, except for service of the Summons and Complaint. The stay continues at least until the Initial Status Conference. Initial Status Conference is set for 03/04/2022 at 02:00 PM in this department. At least 10 days prior to the Initial Status Conference, counsel for all parties must discuss the issues set forth in the Initial Status Conference Order issued this date. The Initial Status Conference Order is to help the Court and the parties manage this complex case by developing an orderly schedule for briefing, discovery, and court hearings. The parties are informally encouraged to exchange documents and information as may be useful for case evaluation.

Responsive pleadings shall not be filed until further Order of the Court. Parties must file a Notice of Appearance in lieu of an Answer or other responsive pleading. The filing of a Notice of Appearance shall not constitute a waiver of any substantive or procedural challenge to the Complaint. Nothing in this order stays the time for filing an Affidavit of Prejudice pursuant to Code of Civil Procedure Section 170.6.

Counsel are directed to access the following link for information on procedures in the Complex litigation Program courtrooms:  http://www.lacourt.org/division/civil/CI0037.aspx

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties.

EXHIBIT A, PAGE 69

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**21STCV46157**                                         January 7, 2022
**CESAR J BARRIOS GARAY vs MYDATT SERVICES INC.**        9:56 AM

Judge: Honorable William F. Highberger        CSR: None
Judicial Assistant: M. Mata                    ERM: None
Courtroom Assistant: None                      Deputy Sheriff: None

---

All such fees are ordered to be paid to Los Angeles Superior Court, within 10 days of service of this order.

The plaintiff must serve a copy of this minute order and the attached Initial Status Conference Order on all parties forthwith and file a Proof of Service in this department within 7 days of service.

Please disregard any mention of attached Initial Status Conference Order. This Department no longer issues a separate Initial Status Conference Order. This minute order is the Court's Initial Status Conference Order.

Please note the Court has changed its order as to the timing of the selection by the parties of a third-party cloud service. Due to the pandemic and the urgent need to avoid court appearances, the parties MUST sign up with the service at least ten court days in advance of the Initial Status Conference. See Section 15.

The Court orders counsel to prepare for the Initial Status Conference by identifying and discussing the central legal and factual issues in the case. Counsel for plaintiff is ordered to initiate contact with counsel for defense to begin this process. Counsel then must negotiate and agree, as possible, on a case management plan. To this end, counsel must file a Joint Initial Status Conference Class Action Response Statement five (5) court days before the Initial Status Conference. The Joint Response Statement must be filed on line-numbered pleading paper and must specifically answer each of the below-numbered questions. Do not the use the Judicial Council Form CM-110 (Case Management Statement) for this purpose.

1. PARTIES, COUNSEL AND ISSUES: Please list all presently-named class representatives and presently-named defendants, together with all counsel of record, including counsel's contact and email information. Provide a short summary of plaintiff's causes of actions and contentions and, if possible, defendant's defenses.

2. POTENTIAL ADDITIONAL PARTIES: Does any plaintiff presently intend to add more class representatives? If so, and if known, by what date and by what name? Does any plaintiff presently intend to name more defendants? If so, and if known, by what date and by what name? Does any appearing defendant presently intend to file a cross-complaint? If so, who will be named.

3. IMPROPERLY NAMED DEFENDANT(S): If the complaint names the wrong person or entity, please explain.

---

EXHIBIT A, PAGE 70

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**21STCV46157**                                            January 7, 2022
**CESAR J BARRIOS GARAY vs MYDATT SERVICES INC.**                    9:56 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

---

4. ADEQUACY OF PROPOSED CLASS REPRESENTATIVE(S): If any party believes one or more named plaintiffs might not be an adequate class representative, please explain. No prejudice will attach to these responses.

5. ESTIMATED CLASS SIZE: Please discuss and indicate the estimated class size.

6. OTHER ACTIONS WITH OVERLAPPING CLASS DEFINITIONS: Please list other cases with overlapping class definitions. Please identify the court, the short caption title, the docket number, and the case status.

7. POTENTIALLY RELEVANT ARBITRATION AND/OR CLASS ACTION WAIVER CLAUSES: Please include a sample of any clause of this sort. Opposing parties must summarize their views on this issue.

8. POTENTIAL EARLY CRUCIAL MOTIONS: Opposing counsel are to identify and describe the significant core issues in the case. Counsel then are to identify efficient ways to resolve those issues. The vehicles include: • Early motions in limine, • Early motions about particular jury instructions, • Demurrers, • Motions to strike, • Motions for judgment on the pleadings, and • Motions for summary judgment and summary adjudication.

9. CLASS CONTACT INFORMATION: Does plaintiff need class contact information from the defendant's records? If so, do the parties consent to an "opt-out" notice process (as approved in Belaire-West Landscape, Inc. v. Superior Court (2007) 149 Cal.App.4th 554, 561) to precede defense delivery of this information to plaintiff's counsel? If the parties agree on the notice process, who should pay for it? Should there be a third-party administrator?

10. PROTECTIVE ORDERS: Parties considering an order to protect confidential information from general disclosure should begin with the model protective orders found on the Los Angeles Superior Court Website under "Civil Tools for Litigators."

11. DISCOVERY: Please discuss discovery. Do the parties agree on a plan? If not, can the parties negotiate a compromise? At minimum, please summarize each side's views on discovery. The Court generally allows discovery on matters relevant to class certification, which (depending on circumstances) may include factual issues also touching the merits. The Court generally does not permit extensive or expensive discovery relevant only to the merits (for example, detailed damages discovery) unless a persuasive showing establishes early need. If any party seeks discovery from absent class members, please estimate how many, and also state the kind of

---

EXHIBIT A, PAGE 71

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**21STCV46157**                                                      January 7, 2022
**CESAR J BARRIOS GARAY vs MYDATT SERVICES INC.**                    9:56 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

---

discovery you propose.

12. INSURANCE COVERAGE: Please state if there is insurance for indemnity or reimbursement.

13. ALTERNATIVE DISPUTE RESOLUTION: Please discuss ADR and state each party's position about it. If pertinent, how can the Court help identify the correct neutral and prepare the case for a successful settlement negotiation?

14. TIMELINE FOR CASE MANAGEMENT: Please recommend dates and times for the following:
• The next status conference, if a status conference is needed. The Court does not schedule status conferences for "routine" cases. The normal procedure is the Court will give a deadline for the motion for class certification with a non-appearance hearing set a few court days after the deadline;
• A schedule for alternative dispute resolution, if it is relevant; • A filing deadline for the motion for class certification; and
• Filing deadlines and descriptions for other anticipated non-discovery motions.

15. ELECTRONIC SERVICE OF PAPERS: For efficiency the complex program requires the parties in every new case to use a third-party cloud service (also known as an e-service provider). The parties must sign up with the provider at least ten court days in advance of the initial status conference and advise the Court, via email to sscdept10@lacourt.org, which provider was selected.

16. REMINDER WHEN SEEKING TO DISMISS OR TO OBTAIN SETTLEMENT APPROVAL: "A dismissal of an entire class action, or of any party or cause of action in a class action, requires Court approval . . . Requests for dismissal must be accompanied by a declaration setting forth the facts on which the party relies. The declaration must clearly state whether consideration, direct or indirect, is being given for the dismissal and must describe the consideration in detail." If the parties have settled the class action, that too will require judicial approval based on a noticed motion (although it may be possible to shorten time by consent for good cause shown).

17. STAY OF PROCEEDINGS. Pending further order of this Court, and except as otherwise provided in this Initial Status Conference Order, these proceedings are stayed in their entirety. This stay shall preclude the filing of any answer, demurrer, motion to strike, or motions challenging the jurisdiction of the Court. However, any defendant may file a Notice of

---

EXHIBIT A, PAGE 72

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
Central District, Spring Street Courthouse, Department 10

**21STCV46157**                                                   January 7, 2022
**CESAR J BARRIOS GARAY vs MYDATT SERVICES INC.**                 9:56 AM

Judge: Honorable William F. Highberger          CSR: None
Judicial Assistant: M. Mata                     ERM: None
Courtroom Assistant: None                       Deputy Sheriff: None

Appearance for purposes of identification of counsel and preparation of a service list. The filing of such a Notice of Appearance shall be without prejudice to any challenge to the jurisdiction of the Court, substantive or procedural challenges to the Complaint, without prejudice to any affirmative defense, and without prejudice to the filing of any cross-complaint in this action. This stay is issued to assist the Court and the parties in managing this "complex" case through the development of an orderly schedule for briefing and hearings on procedural and substantive challenges to the complaint and other issues that may assist in the orderly management of these cases. This stay shall not preclude the parties from informally exchanging documents that may assist in their initial evaluation of the issues presented in this case, however shall stay all outstanding discovery requests.

18. SERVICE OF THIS ORDER. Plaintiff's counsel is directed to serve a copy of this Initial Status Conference Order on counsel for all parties, or if counsel has not been identified, on all parties, within five (5) days of service of this order. If any defendant has not been served in this action, service is to be completed within twenty (20) days of the date of this order.

Certificate of Mailing is attached.

EXHIBIT A, PAGE 73

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**COURTHOUSE ADDRESS:**
Spring Street Courthouse
312 North Spring Street, Los Angeles, CA 90012

**FILED**
Superior Court of California
County of Los Angeles

**01/07/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Mata _____ Deputy

**PLAINTIFF/PETITIONER:**
Cesar J Barrios Garay

**DEFENDANT/RESPONDENT:**
MYDATT SERVICES INC. et al

**CERTIFICATE OF MAILING**

**CASE NUMBER:**
21STCV46157

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Minute Order (Court Order re: Complex Designation) of 01/07/2022  upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.


Marcus Joseph Bradley
Bradley/Grombacher LLP
31365 Oak Crest Dr Ste 240
Westlake Village, CA  91361


Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>01/7/2022</u>

By:  <u>M. Mata</u>
Deputy Clerk


**CERTIFICATE OF MAILING**

EXHIBIT A, PAGE 74